UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSE OSMIN CALDERON PACHECO,  )<br>)<br>Plaintiff )<br>)<br>v.  )<br>)<br>CITY OF SPRINGFIELD, TENNESSEE; )<br>SPRINGFIELD POLICE DEPARTMENT; )<br>MIKE WILHOIT, individually and )<br>in his official capacity as )<br>Chief of the Springfield Police )<br>Department; JOHN DOES 1-5, )<br>individually and in their )<br>official capacities as Police )<br>Officers of the Springfield )<br>Police Department, )<br>)<br>Defendants ) | NO. 3:11-0221<br>Judge Nixon/Brown<br>**Jury Demand** |

## **INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

**1. Jurisdiction:** Plaintiff contends that jurisdiction for this action arises under Section 42 U.S.C. § 1983 for relief for violation of rights secured by the Fourth and Fourteenth Amendment to the Constitution of the United States, and for violations of laws of the State of Tennessee. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1332(a)(2) and 1443 and pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Defendants dispute this Court should exercise supplemental jurisdiction over the state claims.

2. **Plaintiff's Theory of the Case:** This case is brought under 42 U.S.C. § 1983 for the relief of the violation of Plaintiff's rights and secured by the Fourth and Fourteenth Amendment to the Constitution. These claims arise out of a shooting incident that occurred on or about March 14, 2010, in Springfield, Tennessee. On that evening, A disagreement led to the attempted arrest of the Plaintiff and the subsequent striking of the Plaintiff with a police baton by Defendant Johnson. Plaintiff gained control of the baton but did not attempt to strike Defendant Johnson. After this, Defendant Johnson pulled his pistol from its holster, opened fire and shot Plaintiff in the hand and several other shots into various parts of his body. Several of these shots were to the Plaintiff's back from point blank range. Plaintiff suffered life threatening and permanent injuries from these wounds. Following a lengthy hospital stay, Plaintiff is now permanently confined to a wheelchair due to spinal cord injuries from the shooting.

Defendant Johnson's act of shooting the unarmed Plaintiff multiple times in the hand and back, was not objectively reasonable, and violated the Plaintiff's rights as secured by the constitution. The actions of Defendant Johnson were taken with actual malice and with intent to cause injury to Plaintiff. They evidenced a reckless or callous indifference to the federally protected rights of the Plaintiff. Defendant Johnson committed the

described acts under the color of state law and by virtue of his authority as an officer of the Springfield Police Department.

Defendant Mike Wilhoit is the Chief Law Enforcement Officer of the City of Springfield who has the authority and responsibility to establish a policy for the Police Department for the supervising and training of all of its officers. This Defendant, through his employees, was deliberately indifferent in the training of the officers with regard to the appropriate lawful constitutional policies, procedures and protocols as to the use of lethal force and especially in the processing, handling and management of non-English speaking individuals. Further, Defendant Wilhoit failed to secure less than lethal weapons for the officers or to ensure that all officers will be adequately trained in the use of such legal weapons. These actions were the proximate cause of Plaintiff's injuries. The City of Springfield is a government entity that includes as one of its departments, the Springfield Police Department. Accordingly, the acts of the Police Department, including the acts of the Defendant officers, are *ipso facto* the acts of the City of Springfield.

All Defendants are also liable under various divisions of Tennessee law, including breaching the duty of care they owed to him to protect him from unreasonable risk of harm or otherwise from acts committed with actual malice or an intent to cause harm. The number of shootings and the failure to render any medical attention

are discretionary acts performed with actual malice and an intent to cause the Plaintiff injury for which all Defendants are liable.

**3. Defendant Will Johnson's Theory of the Case:** Defendant Will Johnson, denies any and all claims that he violated any of Plaintiff's rights under either Federal or State law. On the evening of March 13, 2010, Officer Johnson lawfully had contact with Plaintiff as part of his response to a loud music/loud noise call which had been previously made to the Springfield Police Department. Shortly after the point of contact, Officer Johnson observed Plaintiff repeatedly putting his hands into a pouch-type pocked located on the front of a pullover type of wind shirt plaintiff was wearing at the time. Due to officer safety concerns, Officer Johnson lawfully made physical contact with Plaintiff and attempted a full body pat-down of Plaintiff to determine with more certainty as to whether Plaintiff was armed, or not. While attempting that pat-down, Plaintiff began to actively resist Officer Johnson's actions, Plaintiff broke away from the physical contact which Officer Johnson had with Plaintiff and ran. A foot pursuit ensued, and, later, Plaintiff actively fought with Officer Johnson. During this second phase of their encounter, Officer Johnson lawfully used his chemical agent on Plaintiff in addition to using his police baton as an impact weapon, all in order to gain control over Plaintiff. Plaintiff's physical resistance continued, and he ignored and disregarded commands in both English and Spanish

which any reasonable person would have understood and appreciated to stop resisting and to obey Officer Johnson's commands. After Plaintiff physically took control of Officer Johnson's baton and struck him with the baton, Officer Johnson lawfully escalated his use of force, utilizing his service weapon by firing four shots into Plaintiff's body to take control of the situation and for his own protection. Under these circumstances, Officer Johnson avers that the facts related to this encounter are more than sufficient to establish probable cause for the charges Plaintiff has pending against him, that Plaintiff should be convicted of those charges and that he should be estopped from pursing this action.

4. **Theory of Defendant City of Springfield and Chief Wilhoit:** The Defendants, City of Springfield and Chief Mike Wilhoit, adopt and incorporate Defendant Johnson's Theory as it relates to the facts of this case.

These Defendants assert that as no constitutional violation occurred, the City of Springfield and Chief Wilhoit are not liable to the Plaintiff under 42 U.S.C. § 1983. Further, these Defendants deny that any action or inaction on their part deprived the Plaintiff of any interest protected by federal constitution or any other federal law. To the extent the Plaintiff has stated a cause of action under 42 U.S.C. § 1983 against Chief Wilhoit in his individual capacity, Chief Wilhoit asserts he is entitled to qualified immunity for money damages.

Specifically, these Defendants deny that there existed a custom, policy or practice of allowing and/or condoning unconstitutional acts by the City's police officers. Moreover, these Defendants deny that they were deliberately indifferent to the training and supervision of City police officers in regard to police procedures and protocol, specifically including, but not limited to, the use of force, communication with potential arrestees, medical training and/or treatment, and procedure, handling and management of non-English speaking individuals.

Finally, these Defendants assert that this Court should not exercise supplemental jurisdiction over any potential claims under the Governmental Tort Liability Act, as the circuit court has exclusive jurisdiction over such claims.

5. **Identification of the Issues:** The parties have not yet resolved any outstanding issues that arise from the pleadings inasmuch as all of the Plaintiff's claims are disputed by the Defendants.

6. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** None.

7. **List of witnesses (subject to supplementation):**
Plaintiff Jose Osmin Calderon Pacheco;
Plaintiff's wife Raquel de Calderon;
Chief of Police Mike Wilhoit;

Officer Will Johnson; and

Other officers to be identified through discovery of the Springfield Police Department.

**8. Initial Disclosures and Staging of Discovery:** Plaintiff's propose the following discovery deadlines in this matter:

Initial Disclosures will be served **14 days** following the Case Management Conference. All fact discovery shall be completed in this matter by **December 30, 2012.**

Plaintiff will disclose any expert witness and provide their required report pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure by **October 31, 2011.** Defendants will disclose any expert witness and provide their required reports pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure by **December 2, 2011.** Depositions of experts will be completed by **February 6, 2012.**

Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge.

**9. Dispositive Motions:** Dispositive Motions shall be filed no later than **March 9, 2012,** and responses filed **21 days** thereafter. Any reply to the response should be filed **seven days** after a response. If dispositive motions are filed earlier, the response and reply dates are moved up accordingly. The motion and

response memorandums are limited to **25 pages** and the reply, if filed, is limited to **five pages** absent specific permission from the court to file something longer.

    **10. Subsequent Case Management Conference:** A follow-up case management telephone conference is set for **September 12, 2011, at 10:00 a.m. To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

    **11. Alternative Dispute Resolution:** The parties shall file a joint report to the court for mediation by **November 1, 2011**.

    **12. Target Trial Date:** This matter should be set for a jury trial and it is expected to last three to four days. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **August 28, 2012, at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **August 17, 2012, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

    It is so **ORDERED**.

                                              _____
                                              JOE B. BROWN
                                              United States Magistrate Judge