UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSE OSMIN CALDERON PACHECO, ) ) Plaintiff, ) ) v. ) ) WILL JOHNSON, individually and in his ) official capacity as an Officer of the ) Springfield Police Department, ) ) Defendant. ) | Civil No. 3:11-cv-221 Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Deny the Plaintiff's Use of a Life Care Plan filed by the defendant, Will Johnson (Docket No. 254), to which the plaintiff, Jose Osmin Calderon Pacheco, has filed a Response (Docket No. 260). For the following reasons, Officer Johnson's motion will be granted.

## BACKGROUND & PROCEDURAL HISTORY

This action arises from a physical altercation that occurred between the plaintiff, Mr. Pacheco, and the defendant, Officer Johnson of the Springfield Police Department, in the late evening and early morning hours of March 13 and March 14, 2010. The altercation between the two men culminated in Officer Johnson's shooting Mr. Pacheco, leaving Mr. Pacheco paralyzed. Mr. Pacheco has sued Officer Johnson for deprivation of his federal constitutional rights, pursuant to § 1983, and for assault and negligence under Tennessee law. (Docket No. 1 ¶¶ 30–34, 60–64.) Mr. Pacheco now seeks to introduce at trial a life care plan as evidence upon which his forensic economic expert, Robert Vance, will rely to calculate future medical expenses. (Docket No. 251, pp. 3–4.) Officer Johnson has filed the pending motion to prevent

1

the introduction of this life care plan on the grounds that Mr. Pacheco is seeking to "reopen discovery" into future medical expenses before trial and supplement Mr. Vance's expert report in violation of disclosure deadlines that have long since passed. (Docket No. 254, p. 1.)

This dispute over the life care plan arises out of the parties' preparations for a jury trial on Mr. Pacheco's claims. Pursuant to deadline set by the court in anticipation of an October 11, 2016 trial, Officer Johnson filed motions *in limine* requesting that the court exclude various pieces of evidence that he anticipated Mr. Pacheco would attempt to introduce at trial, including testimony by Mr. Pacheco's damages expert, Mr. Vance. (Docket Nos. 137–61.) First, Officer Johnson requested that the court exclude any testimony by Mr. Vance regarding Mr. Pacheco's lost future earnings, on the grounds that Mr. Vance had failed to take Mr. Pacheco's immigration status into account in his calculations. (Docket No. 138, pp. 2–4.) Second, Officer Johnson requested the exclusion of (1) any testimony by Mr. Vance regarding future medical expenses, on the grounds that he is not qualified as an expert on Mr. Pacheco's medical condition (*id.* at pp. 6–7); and (2) any testimony relating to Mr. Pacheco's "life care plan, or any such plan for future management of medical issues," on the grounds that Mr. Pacheco had never disclosed any such a plan (Docket No. 143). In a September 7, 2016 response to these motions, Mr. Pacheco represented that he had "no intention of utilizing a life care plan for future medical expenses," making Officer Johnson's arguments regarding the exclusion of that evidence "completely moot." (Docket No. 173, pp. 2–3; *accord* Docket No. 178.)

Trial preparation proceeded without incident until October 3, 2016, when Officer Johnson filed a Motion for Additional Relief, requesting that the court continue the trial date on the grounds that Mr. Pacheco had failed to timely disclose evidence relating to his immigration status. (Docket No. 231-1.) In support of his request, Officer Johnson submitted evidence

2

demonstrating that he had requested Mr. Pacheco's immigration file from Mr. Pacheco[1] two years earlier but had not received a copy until September 9, 2016, despite Mr. Pacheco's having received the file two years earlier, in October 2014. (*Id.* at pp. 4–6.) Officer Johnson requested a continuance of the trial "for a short period of time so as to allow limited discovery related to the immigration file," particularly with respect to Mr. Vance's calculation of Mr. Pacheco's future lost earnings. (*Id.* at pp. 7–10.) The court conducted a telephone conference with counsel for the parties to discuss the issue on October 5, 2016, and Mr. Pacheco's counsel again represented that he had no intention of utilizing a life care plan at trial and would have no proof on future medical expenses. (Docket No. 233.) The court shared Officer Johnson's concerns regarding the late disclosure of the immigration file and entered an Order continuing the trial and referring the case to the Magistrate Judge for a judicial settlement conference. (*Id.*) The court further provided that, should the case not settle, it would convene a case management conference "to determine whether additional depositions will be allowed and a timetable for a resetting of the trial." (*Id.*)

The case did not settle, and the court met with counsel for the parties on February 7, 2017 to discuss resetting the trial date. (Docket No. 253.) At this case management conference, counsel for Officer Johnson raised concerns regarding Mr. Pacheco's recently filed Response in Opposition to his Motion for Additional Relief,[2] in which Mr. Pacheco asserted that Mr. Vance will be revising his expert report to include an estimate of future medical expenses based on "a

---

[1] Mr. Pacheco's immigration file is maintained by United States Citizen and Immigration Services and could only be obtained by a request from Mr. Pacheco himself. (*See* Docket No. 254, p. 2.)

[2] Mr. Pacheco's Response was filed on February 2, 2017, almost four months after the court conducted a telephone conference with the parties regarding the Motion for Additional Relief and granted Officer Johnson's request to continue the trial date.

life care plan that is being prepared" and that will be furnished to him. (Docket No. 251, pp. 3–4.) Officer Johnson filed the pending motion immediately after the conference, arguing that the court should prohibit Mr. Pacheco from supplementing Mr. Vance's expert disclosure to include a life care plan because he is "untimely disclosing information that not only unfairly prejudices [Officer] Johnson, [but] also contradicts [Mr. Pacheco's] earlier filings and his counsel's statements" to the court. (Docket No. 254, p. 3.) After noting that the deadline for disclosure of economic damage experts passed in October of 2014 – over two years ago – Officer Johnson argues that Mr. Pacheco has never requested that the deadline be extended or Mr. Vance be permitted to supplement his expert report. (*Id.* at p. 5.) Disclosure of the life care plan and its use by Mr. Vance are, therefore, untimely, and the plan must be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1), unless the court finds the untimeliness to be "substantially justified or harmless." (*Id.* at pp. 6–8.) Officer Johnson argues that the late introduction of the life care plan constitutes a late "sea change" in Mr. Pacheco's approach to trial, is neither justified nor harmless, will further prolong the litigation of this case, and will require depositions not only of Mr. Vance, but also of the life care planner and any rebuttal expert Officer Johnson secures. (*Id.*)

On February 13, 2017, Mr. Pacheco filed a Response to the pending motion, in which he argues that he is merely seeking the court's leave to supplement Mr. Vance's expert report to "provide supporting evidentiary basis for the conclusions [regarding future medical expenses] that have already been reached by Mr. Vance." (Docket No. 260, p. 3.) Mr. Pacheco argues that he has not "ambush[ed]" Officer Johnson with the life care plan because, when he timely disclosed Mr. Vance's expert report to Officer Johnson in 2014, it included a calculation of

4

estimated future medical costs.[3]  (*Id.* at 1, 4.)  Moreover, Mr. Pacheco notes that Officer Johnson had the opportunity to, and did, depose Mr. Vance regarding future medical costs.  At the deposition, Mr. Vance conceded that, without a life care plan, he could not estimate medical costs with any certainty, but he "reserved the right" to supplement that portion of his opinion.  (*Id.* at pp. 1–2 (quoting Docket No. 260-3 (Depo. M. Vance), 120:21–25, 126:2–10).)  Mr. Pacheco also concedes that he previously indicated he would not use a life care plan at trial, but he argues that he only did so on "the eve of the scheduled trial" because he would not have time to procure one.  (*Id.* at p. 3.)  Now that the trial has been continued, Mr. Pacheco argues, "there is more than sufficient time" to give him "a full and fair opportunity to present any and all evidence as to future medical expenses, an item of damages that was clearly contemplated all along in this case."  (*Id.* at pp. 3, 5.)

## ANALYSIS

Federal Rule of Civil Procedure 26(a)(2) requires a party to timely disclose the identity of any expert witness he plans to use at trial and a written report containing – among other requirements – a complete statement of all opinions the expert will express, the basis and reasons for those opinions, and the facts or data considered by the expert in forming those opinions.  The Local Rules in this district further provide that an expert disclosure "shall not be supplemented

---

[3] According to Mr. Vance's report, he calculated Mr. Pacheco's future medical costs using "an average of the costs to care for any paraplegic based on statistics from The University of Alabama-Birmingham National Spinal Cord Injury Statistical Center," which are drawn from a two-page "facts and figures at a glance" pamphlet that contains few data points.  (Docket No. 131-12 (Vance Report), p. 1.)  The court is not convinced that this pamphlet is the kind of information upon which an expert in Mr. Vance's field would typically rely in calculating future medical costs, nor does it find Mr. Vance's use of an "average" of the general costs to care for a paraplegic to be particularly reliable methodology.  Indeed, Mr. Vance's report implies that his initial calculation of future medical costs is merely intended to be a placeholder until he can amend his report based on a "life care plan customized for the plaintiff."  (*Id.*)

after the applicable disclosure deadline, absent leave of Court" and forbids an expert from testifying "beyond the scope" of his disclosure statement. L.R. 39.01(c)(6). If a party fails to provide information or identify a witness as required by Rule 26(a), or if he untimely attempts to supplement his expert's report without the court's leave, he is "not allowed to use the information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also* L.R. 39.01(c)(6) ("The Court may exclude the testimony of an expert witness, or order other sanctions provided by law, for violation of expert witness disclosure requirements or deadlines.").

Mr. Pacheco does not appear to dispute that the deadline for disclosure of an economic damages expert such as Mr. Vance was set for October 31, 2014, nor does he dispute that his initial disclosure regarding Mr. Vance included no calculation of future medical expenses based on a life care plan. In order to present this evidence at trial, therefore, Mr. Pacheco must demonstrate that his failure to earlier disclose the life care plan, and Mr. Vance's reliance on the plan, was substantially justified or harmless. In order to determine whether a party's untimely disclosure is "substantially justified" or "harmless," courts in the Sixth Circuit consider the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)). After considering these factors and the evidence and arguments submitted by the parties, the court concludes that Mr. Pacheco's failure to timely disclose the life care plan is neither substantially justified nor harmless, and it will exclude the life care plan – and any testimony related to it – from trial.

6

While the court does not agree with Officer Johnson that the proposed introduction of the life care plan is a "sea change" in Mr. Pacheco's approach to the trial, its disclosure at this late stage in the litigation does qualify as a surprise. Mr. Pacheco clearly contemplated throughout this litigation that future medical expenses are an aspect of the damages he intends to pursue, but he has litigated his claims for almost six years without ever obtaining a life care plan to support any calculation of those expenses. As recently as October of 2016, Mr. Pacheco's counsel represented to the court and the defendant that he had no intention of submitting a life care plan in support of a claim for future medical expenses, and the record contains no indication that Mr. Pacheco intended to reverse that position in the four months between that representation and his Response to Officer Johnson's Motion for Additional Relief, filed on February 2, 2017. It is also true that the court could allow Officer Johnson discovery into the life care plan before the trial and thus partially "cure" the prejudice and harm caused to him by this late disclosure. It is worth noting, however, that the life care plan has not even been completed at this point, and the court cannot determine with any certainty how much discovery would be sufficient to cure the "surprise" done to Officer Johnson. Moreover, reopening discovery on the issue of future medical expenses could leave Officer Johnson scrambling to secure a rebuttal expert and schedule depositions of additional medical professionals during the time in which he would otherwise be preparing for the trial on Mr. Pacheco's claims.

Finally, although there is no doubt that the life care plan is important to Mr. Pacheco's claims, his reason for not having earlier produced a life care plan is ultimately unpersuasive. According to Mr. Pacheco, "this is merely a situation where [his] counsel, due to time constraints, was not able to earlier complete the obtaining of a life care plan and supplementing prior to the previously scheduled trial date" in October of 2016. (Docket No. 260, p. 5.) As the

court has already noted, however, this litigation has been pending for almost six years and, even if Mr. Pacheco did not have time to obtain a life care plan before the expert disclosure deadline in October of 2014, that does not explain why he did not request permission to supplement Mr. Vance's report with a life care plan at any point in the last two years. Moreover, the court is not inclined to allow Mr. Pacheco to supplement his expert report simply because the continuation of the October 2016 trial date affords him sufficient time to obtain a life care plan. The trial date was continued not to allow Mr. Pacheco to remedy evidentiary deficiencies in his case but, rather, to mitigate the prejudice done to Officer Johnson by Mr. Pacheco's failure to timely produce another piece of critical evidence: his immigration file. The court is not persuaded that the resetting of the trial date substantially justifies supplementation of Mr. Vance's report, particularly in light of the fact that granting such a request would, in effect, reward Mr. Pacheco for his failure to timely produce evidence relating to his immigration status over the last two years of this litigation.

      The balance of these factors, therefore, weighs in favor of a finding that Mr. Pacheco's failure to timely obtain and disclose a life care plan is not substantially justified or harmless, and the exclusion of that evidence at trial is, therefore, appropriate. Accordingly, Officer Johnson's motion will be granted.

## CONCLUSION

For the reasons discussed herein, the Motion to Deny the Plaintiff's Use of a Life Care Plan filed by Officer Johnson (Docket No. 254) is **GRANTED**.

It is so **ORDERED**.

Enter this 17th day of February 2017.

_____
ALETA A. TRAUGER
United States District Judge

9

Case 3:11-cv-00221   Document 261   Filed 02/17/17   Page 9 of 9 PageID #: 2256