UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSE OSMIN CALDERON PACHECO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:11-cv-221 |
| | ) | Judge Aleta A. Trauger |
| WILL JOHNSON, individually and in his | ) | |
| official capacity as an Officer of the | ) | |
| Springfield Police Department, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Pending before the court are a number of motions *in limine* filed by the defendant, Will Johnson (Docket Nos. 137–61), and the plaintiff, Jose Osmin Calderon Pacheco (Docket Nos. 165–66). These motions were filed in anticipation of a trial on Mr. Pacheco's claims that was initially set for October 11, 2016, but that was continued upon the defense motion based on Mr. Pacheco's failure to timely disclose evidence relating to his immigration status. (Docket No. 233.) Before the court resets the trial date and attendant pretrial deadlines, the parties have requested that it rule on Mr. Pacheco's request to supplement the disclosure of his economic damages expert, Robert Vance.[1] (Docket Nos. 251, 258.) For the following reasons, the court will (1) grant Mr. Pacheco leave to supplement Mr. Vance's disclosure to address his immigration status as it relates to his ability to work in the United States and the wages he could earn in his country of origin; (2) reopen discovery into Mr. Pacheco's immigration status and claim for lost future earnings; (3) order the filing of a motion for partial summary judgment on these issues; and (4) term all pending motions *in limine*, to be refiled by the parties – if still

---
[1] The court has already ruled that Mr. Pacheco may not supplement Mr. Vance's report to include a life care plan, in support of his claim for future medical expenses. (Docket No. 261.)

1

appropriate – in accordance with deadlines that will be set when the court resets the trial date.

## BACKGROUND & PROCEDURAL HISTORY

This action arises from a physical altercation that occurred between the plaintiff, Mr. Pacheco, and the defendant, Officer Johnson of the Springfield Police Department, in the late evening and early morning hours of March 13 and March 14, 2010. The altercation between the two men left Mr. Pacheco paralyzed, and he has sued Officer Johnson to recover for his injuries under federal and state law. A jury trial on Mr. Pacheco's claims was set for October 11, 2016 but was continued by the court after Mr. Pacheco failed to timely disclose relevant evidence regarding his immigration status to Officer Johnson. (Docket No. 233.) Before the court enters an order setting a trial date and other deadlines, Officer Johnson seeks a ruling prohibiting Mr. Pacheco from supplementing Mr. Vance's report to address his immigration status and the wages he could earn in his country of origin. (Docket No. 258, pp. 1–2.)

Mr. Pacheco's claim for lost future earnings, and the proof supporting that claim, has long been a source of dispute between the two parties. Pursuant to deadlines set by the court in anticipation of the October 11, 2016 trial, Officer Johnson filed motions *in limine* requesting – among other things – that the court exclude (1) all evidence relating to Mr. Pacheco's lost future earnings, on the grounds that Mr. Pacheco is precluded from recovering them so long as he is residing or working in the United States in violation of the Immigration Reform and Control Act ("IRCA") (Docket No. 144); and (2) any testimony by Mr. Vance regarding Mr. Pacheco's lost future earnings, on the grounds that Mr. Vance has failed to take Mr. Pacheco's immigration status into account in his calculations (Docket No. 138). According to Officer Johnson, Mr. Pacheco's lost future earnings should be based not upon his earning capacity in the United States but, rather, his earning capacity in El Salvador, his country of origin. (Docket No. 144,

2

pp. 3–4.) Mr. Pacheco filed Responses to these motions, arguing that his immigration status does not preclude him from recovering lost future wages in the United States and that he may still be able to renew his "temporary protected status," which would enable him to legally live and work in the United States. (Docket No. 179, p. 2; *accord* Docket No. 173.) Mr. Pacheco also argued that it would be "unworkable" to base his lost future earnings on his earning capacity in El Salvador, because wages in that country are not well documented and work similar to that he was performing in the United States "may not even exist in [his] home country." (Docket No. 179, p. 2.)

Shortly before the trial, Officer Johnson filed a Motion for Additional Relief, requesting that the court continue the trial date on the grounds that Mr. Pacheco had failed to timely disclose his immigration file. (Docket No. 231-1.) Officer Johnson requested a continuance of the trial "for a short period of time so as to allow limited discovery related to the immigration file," particularly with respect to Mr. Vance's calculation of Mr. Pacheco's lost future earnings. (*Id.* at pp. 7–10.) After a telephone conference with counsel for the parties to discuss the issue, the court entered an Order continuing the trial and referring the case to the Magistrate Judge for a judicial settlement conference. (Docket No. 233.) The court provided that, should the case not settle, it would convene a case management conference "to determine whether additional depositions will be allowed and a timetable for a resetting of the trial." (*Id.*)

The case did not settle, and the court ordered the parties to submit a proposed agreed case management order prior to a February 7, 2017 case management conference, at which the court planned to reset the trial date and certain pretrial deadlines. (Docket Nos. 245, 249.) Less than a week before the case management conference, Mr. Pacheco filed a Response in Opposition to Officer Johnson's Motion for Additional Relief, in which he indicated that Mr. Vance is

"currently in the process of revising his expert opinion to take into account [Mr. Pacheco's] immigration status" and "calculations [of lost future earnings] based on comparable wage rates in El Salvador." (Docket No. 251, p. 3.) Mr. Pacheco also indicated that he "consents to reopen discovery as to Mr. Vance . . . on the matters raised in the revised report," to "eliminate any alleged prejudice" that the supplementation would cause Officer Johnson. (*Id.*)

At the case management conference, counsel for Officer Johnson objected to any supplementation of Mr. Vance's report and the setting of any pretrial deadline allowing for such supplementation. (*See* Docket No. 252.) The court ordered additional briefing related to Mr. Pacheco's lost future earnings to assist it in resolving the dispute. (Docket No. 253.) On February 13, 2017, Officer Johnson filed a Reply in support of his Motion for Additional Relief, arguing that Mr. Vance should not be allowed to supplement his opinion with regard to Mr. Pacheco's immigration status or wages in El Salvador, because the revisions are untimely and "nothing more than an improper attempt by [Mr. Pacheco] to correct the weaknesses and improprieties of his expert's report[]." (Docket No. 258, pp. 5–9.) In the alternative, Officer Johnson notes that "[t]here is an atmosphere of mystery in this case concerning the future of [Mr. Pacheco's] immigration status," and he requests that, should the court allow supplementation of Mr. Vance's report, it should also "require [Mr. Pacheco] to present some evidence or explanation as to how he is capable of obtaining legal immigration status in the United States" before he is permitted to present calculations of his lost future earnings from employment in the United States to the jury. (*Id.* at pp. 12–13.)

## ANALYSIS

The Local Rules in this district provide that an expert disclosure "shall not be supplemented after the applicable disclosure deadline, absent leave of Court" and forbids an

expert from testifying "beyond the scope" of his disclosure statement. L.R. 39.01(c)(6). If a party untimely attempts to supplement his expert's report without the court's leave, he is "not allowed to use the information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *accord* L.R. 39.01(c)(6) ("The Court may exclude the testimony of an expert witness, or order other sanctions provided by law, for violation of expert witness disclosure requirements or deadlines."). Mr. Pacheco does not appear to dispute that the deadline for disclosure of an economic damages expert such as Mr. Vance has long since passed, nor does he dispute that his initial disclosure regarding Mr. Vance included no consideration of his immigration status or his earning capacity in El Salvador. To determine whether supplementation of Mr. Vance's disclosure is appropriate, therefore, the court must determine whether it is substantially justified or harmless, guided by the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)). After considering these factors and the evidence and arguments submitted by the parties, the court concludes that Mr. Pacheco's failure to earlier supplement Mr. Vance's report regarding his lost future earnings is harmless.

The court does not find that the introduction of evidence relating to Mr. Pacheco's immigration status or his earning capacity in El Salvador are a surprise to Officer Johnson, who was actually the first to argue that such evidence is the proper measure of Mr. Pacheco's claim of lost future earnings. Mr. Pacheco has consistently taken the position that he is entitled to the wages he would have earned in the United States if he had not been injured by Officer Johnson.

5

It was only after Officer Johnson injected Mr. Pacheco's immigration status into the litigation – which he claims either precludes Mr. Pacheco from recovering those wages or severely discounts them – that Mr. Pacheco expressed the need to supplement his expert's report to meet those arguments. Moreover, Officer Johnson has already requested discovery into Mr. Pacheco's immigration status, which Mr. Pacheco does not oppose, and the court anticipated that some discovery would take place in the months preceding any reset trial date. Officer Johnson, therefore, will have the opportunity to cure any surprise through discovery, and allowing the supplementation of Mr. Vance's report will not disrupt the trial, because pretrial deadlines and the trial date itself have not yet been reset, and the earliest date being considered is several months in the future.

Finally, although Mr. Pacheco has articulated no reason for his failure to supplement Mr. Vance's opinion earlier in the litigation, there is no doubt that evidence relating to his immigration status, and to Mr. Pacheco's lost future earnings as calculated in El Salvador, is critically important to his claim for lost future earnings *and* to Officer Johnson's defense against that claim. The balance of these factors, therefore, weighs in favor of permitting Mr. Pacheco to supplement Mr. Vance's report to include information regarding his immigration status, as it relates to his ability to work in the United States, and his earning capacity in El Salvador. The court will allow such supplementation and, in order to cure any prejudice to Officer Johnson, reopen discovery into Mr. Pacheco's immigration status and Mr. Vance's opinion regarding his lost future earnings either in the United States or El Salvador.

Officer Johnson has requested that, should the court allow supplementation of Mr. Vance's opinion, it "require [Mr. Pacheco] to present options for him to gain lawful employment in the United States," before he is permitted to present calculations of his lost future

6

earnings to the jury. (Docket No. 258, p. 1.) The availability of lost future earnings to Mr. Pacheco – including his options for gaining lawful employment in the United States and the appropriate method for calculating his wages – is most appropriately raised in a motion for partial summary judgment prior to any trial on Mr. Pacheco's claims. The parties, therefore, should include deadlines for the filing and briefing of such a motion – to be completed well before pretrial motions *in limine* are filed – in their revised proposed case management order.

Finally, as a matter of housekeeping, the court notes that all of the parties' motions *in limine* that were filed in preparation for the October 11, 2016 trial remain pending. Many of these motions may not still be pertinent. Therefore, all pending motions will be termed.

## **CONCLUSION**

For the reasons discussed herein, the court **GRANTS** Mr. Pacheco leave to supplement the disclosure of his economic damages expert, Mr. Vance, to address his immigration status, as it relates to his ability to work in the United States, and the wages he would earn in his country of origin, and it reopens discovery into Mr. Pacheco's immigration status and his claim for lost future wages. The court further **TERMS** all of the pending motions *in limine* filed by Officer Johnson (Docket Nos. 137–61) and Mr. Pacheco (Docket Nos. 165–66). Motions *in limine* will be refiled by the parties in accordance with deadlines that will be set by the court when it resets the trial date.[2]

Consistent with this opinion, the court further **ORDERS** that the parties revise the Proposed Agreed Case Management Order filed on February 6, 2017 (Docket No. 252), to include deadlines relating to reopened discovery and the filing of a motion for partial summary judgment on the issue of lost future earnings. The parties shall submit their revised proposed

---

[2] If a motion or response remains *entirely* pertinent, parties may adopt by reference a previous filing.

case management order by February 28, 2017.

It is so **ORDERED**.

Enter this 21st day of February 2017.

                                                             _____
                                                             ALETA A. TRAUGER
                                                             United States District Judge