UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSE OSMIN CALDERON PACHECO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-00221 |
| | ) | Judge Aleta A. Trauger |
| WILL JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Pending before the court is Motion *in Limine* #10, filed by defendant Officer Will Johnson, Regarding the Limitation of Testimony Involving his Prior "Bad Acts" (Docket No. 317), to which the plaintiff, Jose Osmin Calderon Pacheco, has filed a Response in opposition (Docket No. 353). For the reasons discussed herein, the motion will be granted.

## BACKGROUND & PROCEDURAL HISTORY

This action centers around allegations that the defendant, while on duty as a police officer in Springfield, Tennessee, unreasonably used excessive force against the plaintiff, violating the plaintiff's constitutional rights and resulting in severe personal injury. On July 7, 2017, the defendant filed the pending Motion *in Limine* seeking to prohibit the plaintiff from introducing evidence of prior "bad acts" by the defendant. (Docket No. 317.) In particular, the defendant enumerated two categories of evidence regarding prior conduct by the defendant that the plaintiff might wish to introduce. The first is evidence relating to allegations that the defendant committed child abuse against his daughter in 2012, including any evidence about the defendant's past or present disciplinary practices involving his daughter. The second category is evidence of instances in which the defendant was subject to disciplinary action while working as

1

a police officer for the city of Springfield. These disciplinary actions involve the following conduct by the defendant: charging a woman with unlawful possession of a weapon where her weapon was later discovered to be a toy, failing to audio record a telephone call, improperly implementing a high speed chase in response to a misdemeanor, not documenting paperwork as needed, missing mandatory court appearances, not providing documentation for sick leave, being accused (but later exonerated) of forging sick leave documentation, and being subject to an internal investigation regarding bad checks written from his account that were later found to have been written by his girlfriend.

On July 21, 2017, the plaintiff filed a Response in opposition to the defendant's Motion *in Limine*, arguing that 1) evidence of the defendant's prior acts involving alleged abuse or violence against his daughter should be admitted for the purpose of showing that the defendant has a propensity toward violence and a likelihood to overreact in a situation such as his altercation with the plaintiff, and 2) evidence of disciplinary actions taken against the defendant should be admitted because it demonstrates the defendant's disregard for following police department policy and procedures, a key factor in the incident giving rise to this action. (Docket No. 353.)

## **LEGAL STANDARD**

Under Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Federal Rule of Evidence 404(b)(2) further provides that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Even when seeking to admit evidence of prior bad acts for non-character purposes, it

must be shown that the probative value outweighs the potential prejudicial effect.  *See Huddleston v. United States*, 485 U.S. 681, 688 (1988); *United States v. Will*, 612 F. App'x 265, 267 (6th Cir. 2015) (citing *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012)).

## ANALYSIS

The plaintiff's very argument for admitting the evidence at issue in this motion is that the evidence demonstrates the defendant's propensity for violence and his likelihood to act in defiance of police policy and procedures.  This is the very definition of inadmissible character evidence that is offered to prove the defendant's character (violent and disobedient) in order to show that he acted in accordance with this character during the incidents giving rise to this action.  To support his position that this evidence should be admitted, the plaintiff cites *West v. City of Philadelphia*, Civ. A. No. 86-7487, 1988 WL 21955 (E.D. Pa. Feb. 29, 1988).[1]  The plaintiff, however, mischaracterizes this case.  The plaintiff suggests that *West* stands for the proposition that prior acts of violence and unlawfulness should be admitted to show *intent* to act violent and unlawfully during the incident giving rise to the action.  In fact, however, the *West* opinion, after noting that such evidence would be admissible only *if* it related to the question of intent and if its probative value in doing so outweighed any prejudicial effect, ultimately found this type of evidence to be inadmissible, due to lack of probative value as to intent.   Likewise, in this instance, the evidence in question has no probative value with respect to the defendant's intent in his altercation with the plaintiff.

---

[1] The plaintiff also cites *Beck v. City of Pittsburgh*, 89 F.3d 966 (3rd Cir. 1966).  Beck, however, is wholly distinguishable because it involved the admissibility of evidence of prior bad conduct in the context of a municipality defendant's knowledge of an alleged pattern of misconduct related to a claim against the municipality for its own policies and procedures of allowing the misconduct to persist.

3

Indeed, the plaintiff advances no basis for admitting this evidence for a non-character purpose under Rule 404(b)(1). Nothing about the plaintiff's prior conduct at issue in this motion speaks to his motive or intent on the night in question or to any other aspect of his interactions with the plaintiff. Moreover, this evidence is highly prejudicial and the prejudice outweighs any possible probative value. For these reasons, the evidence will not be admitted.

## CONCLUSION

For the foregoing reasons, the Motion *in Limine* regarding prior "bad acts" by the defendant is hereby **GRANTED**.

It is so **ORDERED**.

Enter this 26th day of July 2017.

_____
ALETA A. TRAUGER
United States District Judge