UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSE OSMIN CALDERON PACHECO, ) ) Plaintiff, ) ) v. ) ) WILL JOHNSON, ) ) Defendant. ) | Case No. 3:11-cv-00221 Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

Pending before the court is Motion *in Limine* #13, filed by defendant Officer Will Johnson, Excluding Evidence of Medical Expenses Not Proven Reasonable or Necessary (Docket No. 320), to which the plaintiff, Jose Osmin Calderon Pacheco, has filed a Response in opposition (Docket No. 356). For the reasons discussed herein, the motion will be granted in part, and the court will order additional briefing by the plaintiff.

## BACKGROUND & PROCEDURAL HISTORY

This action involves allegations that the defendant, while on duty as a police officer in Springfield, Tennessee, unreasonably used excessive force against the plaintiff, violating the plaintiff's constitutional rights and resulting in severe personal injury. On July 7, 2017, the defendant filed the pending motion seeking to exclude all evidence of the plaintiff's medical expenses to date, on the ground that the plaintiff has failed to put forth sufficient evidence to show that these expenses are reasonable or necessary. The defendant acknowledges that the plaintiff plans to introduce the testimony of at least some of his treating physicians at Vanderbilt University Medical Center ("VUMF"), where it appears the plaintiff received treatment in the aftermath of the incident. The defendant argues, however, that these treating physicians are not

1

competent to testify as to the reasonableness and necessity of the medical charges issued for their services.  To support this assertion, the defendant cites to a May 23, 2016 email from Marla Johnson at VUMF stating: "The physician does not testify to charges, as his charges are CPT coded and the Vanderbilt Medical Group handles all the billing."  (Docket No. 333-22.) Accordingly, the defendant argues that, absent any testimony from someone in the billing department at VUMF, the plaintiff cannot present testimony of medical expenses for services rendered at VUMF.  The defendant also argues that any bills for medical services generated by the plaintiff's primary care physician, Dr. Concepcion Martinez, should be inadmissible because the plaintiff does not plan to call Dr. Martinez as a witness at trial and, therefore, the defendant did not depose Dr. Martinez.  The defendant does not address whether other documentation from Dr. Martinez may be sufficient to establish the necessity and reasonableness of any medical expenses generated for her services.

In the alternative, the defendant requests that the court limit the plaintiff's recovery for medical expenses to the amount his medical providers accepted as payment in full for their services, rather than any undiscounted charges.

On July 21, 2017, the plaintiff filed a Response in opposition, arguing that medical bills received from his treating physicians should stand alone to generate a rebuttable presumption that the charges therein are reasonable and necessary, without a need for additional evidence on this point.  (Docket No. 356.)  In his Response, the plaintiff does not point to any evidence, other than the medical bills themselves, that he plans to submit for the purpose of establishing the reasonableness and necessity of the medical expenses he seeks to recover.  The plaintiff further contests the argument that admissible evidence of medical expenses should be limited to the amount actually accepted by his providers as payment in full.

2

## ANALYSIS

The defendant is correct that, under Tennessee law, a plaintiff bears the burden of establishing that any medical expenses he seeks to recover are reasonable and necessary. *See Borner v. Autry*, 284 S.W.3d 216, 218 (Tenn. 2009). The defendant's argument that the plaintiff is not prepared to establish the reasonableness and necessity of his medical expenses, however, rests solely on an email from an employee at VUMF that purportedly calls into question the ability of the plaintiff's treating physicians at VUMF to offer evidence on these issues. This is not definitive proof that the treating physicians at VUMF are truly incapable of providing testimony that the bills for their services were reasonable and necessary. Nor does this email represent an admission from counsel for the plaintiff that the plaintiff's treating physicians do not, in fact, intend to testify as to the reasonableness and necessity of the bills charged for their services. Indeed, the Tennessee Supreme Court has explicitly held that medical expenses are admissible where the treating physicians "testified that the services they personally rendered to [the plaintiff] were necessary and that their charges were reasonable." *Miller v. Choo Choo Partners, L.P.*, 73 S.W.3d 897, 907 (Tenn. Ct. App. 2001). Moreover, it is undisputed that at least some of the plaintiff's treating physicians have been disclosed as witnesses in this matter, and the defendant has had an opportunity to depose them.[1] The court is, thus, unwilling to presume that the plaintiff's treating physicians cannot offer sufficient evidence of the reasonableness and necessity of the medical expenses the plaintiff incurred for their services.

Nevertheless, the plaintiff has failed, in his Response, to demonstrate that the treating physicians are prepared to offer this testimony, nor has he demonstrated that there is other

---

[1] The defendant's citation to *Al-Athari v. Gamboa*, No. M2013-00795-COA-R3-CV, 2013 WL 6908937 (Tenn. Ct. App. Dec. 30, 2013) is misplaced because that case involved a claim for medical expenses when the plaintiff had proffered no medical testimony whatsoever.

3

admissible evidence to support the reasonableness and necessity of the medical expenses he seeks to recover.[2] The plaintiff incorrectly argues, without citation, that, under Tennessee law, all medical bills in a personal injury action are entitled to a rebuttable presumption of reasonableness and necessity. The plaintiff appears to be referring to Tenn. Code Ann. § 24-5-113(a), which provides that such a presumption is given to medical bills totaling less than $4,000 that are attached to the complaint. *See Borner*, 284 S.W.3d at 218 (explaining that this provision is intended to "assist[] claimants for whom the expense of deposing an expert may exceed the value of medical services for which recovery is sought"). In this action, there were no medical bills attached to the Complaint. (See Docket No. 1.) Nor does it appear that the medical expenses at issue total less than $4,000. The plaintiff, thus, cannot rely on the admission of itemized medical bills alone to support his claims for medical expenses, absent additional evidence to support their reasonableness and necessity.

Because the plaintiff did not address his ability to present such evidence in his Response, the court will order the plaintiff to file an additional Response to the pending motion. This additional Response should expressly enumerate the admissible evidence the plaintiff is prepared to present – through the testimony of his treating physicians or otherwise – that will demonstrate the reasonableness and necessity of the medical expenses he seeks to recover. The court will not rule definitively on the admissibility of evidence of the plaintiff's medical expenses until this Response is filed.

In the event, however, that the plaintiff is permitted to present evidence of medical expenses, the court will grant the portion of the pending motion seeking to limit such evidence to

---

[2] In fact, it is not entirely clear from the briefing related to this motion what medical bills the plaintiff intends to present at trial, let alone what evidence will be used to support the reasonableness and necessity of each bill.

the amount the plaintiff's providers accepted as payment in full for the plaintiff's medical treatment (to the extent there is a discrepancy between this amount and the total undiscounted charge). The court is following the precedent established by the Tennessee Supreme Court in *West v Shelby Cnty Healthcare Corp.*, 459 S.W.3d 33 (2014). In *West*, the Tennessee Supreme Court acknowledged that there is often a significant discrepancy between undiscounted medical bills and the amount that providers routinely accept as payment in full from patients and their insurance providers. *West* then held, in the context of a hospital lien against a third party tortfeasor, that a hospital is not permitted to seek recovery for an undiscounted rate of medical expenses when the hospital has accepted the discounted rate as payment in full and that the hospital may present evidence only of the discounted rate. *West* also specifically held that such discounts reflect the market rate for services and, therefore, are not gratuities that are inadmissible under the collateral source rule.

The plaintiff points to *Dedmon v. Steelman*, a Tennessee Court of Appeals case that declined to extend *West* to personal injury suits but, instead, held that, in personal injury cases, both the undiscounted rate and the discounted rate could be presented to the jury for the jury to determine the proper value of the medical expenses at issue. No. 01462-COA-R9-CV, 2016 WL 3219070, *10-11 (Tenn. Ct. App. June 2, 2016). The court is not persuaded that *Dedmon*, which is currently on appeal to the Tennessee Supreme Court, properly interprets and applies *West*.[3] The court is, instead, persuaded to follow the reasoning of *Johnson v. Trans-Carriers, Inc.*, No.

---

[3] The plaintiff also suggests that *West* made an exception for medical expenses that were paid by TennCare rather than other insurance carriers. It appears that the plaintiff is referring to footnote 2 in the *West* opinion, but the plaintiff's characterization of this footnote is disingenuous at best. The footnote simply indicates that the holding in *West* does not affect liens by a hospital against a *patient*, but speaks only to liens against third party tortfeasors after the discounted amount expected to be recovered from the patient as payment in full has already been established. In fact, the claims in *West* involved discounted medical bills that were presented to TennCare for payment.

2:15-cv-2533-STA-dkv, 2017 WL 28004 (W.D. Tenn. Jan. 3, 2017), a recent case from the Western District of Tennessee that held that *Dedmon* is unlikely to be upheld on appeal and that the holding in *West* should, in fact, apply to personal injury cases. Any other conclusion would create an unnecessary and inexplicable inconsistency and would result in a windfall to plaintiffs in personal injury actions who would be able to recover from tortfeasors for medical expenses for which they were never expected to pay, and which do not reflect the market rate. For these reasons, the court finds that, under *West*, the plaintiff may present evidence only of the discounted amount of medical expenses that was accepted as payment in full by the plaintiff's medical providers.[4] Further, the court rejects the plaintiff's argument – that goes beyond even the precedent established in *Dedmon* – asking the court to not only allow evidence of the undiscounted charge for medical services, but to exclude the discounted rate. For the reasons discussed herein, the court finds that the exact opposite outcome is appropriate, and it is the discounted rate that is admissible while the undiscounted rate is not. Accordingly, the pending motion will be granted in part.

## CONCLUSION

For the foregoing reasons, the Motion *in Limine* seeking to exclude evidence of medical expenses is hereby **GRANTED IN PART** and the plaintiff will be permitted to present evidence of his medical expenses only as to the amount that his medical providers accepted as payment in full, consistent with this opinion. It is further **ORDERED** that the plaintiff shall file, by Thursday July 27, 2017 at 5:00 p.m., a further Response to the defendant's argument that no

---

[4] As with other cases following the precedent of *West*, the court notes that the evidence of the discounted rate will be presented to the jury without the jury being given any information about the insurance carriers that have actually paid this amount, in keeping with the collateral source rule.

medical expenses should be admitted, due to the plaintiff's failure to procure evidence as to the reasonableness and necessity of these expenses.

It is so **ORDERED**.

Enter this 26th day of July 2017.

_____
ALETA A. TRAUGER
United States District Judge