| | | |
|---|---|---|
| **JOSE OSMIN CALDERON PACHECO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:11-cv-00221** |
| | ) | **Judge Aleta A. Trauger** |
| **WILL JOHNSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

Pending before the court is Motion *in Limine* #1 As to Prejudicial Matters, filed by the plaintiff, Jose Osmin Calderon Pacheco (Docket No. 311), to which the defendant, Officer Will Johnson, has filed a Response in opposition (Docket No. 341). For the reasons discussed herein, the motion will be granted in part, denied in part, and partially reserved for resolution at the pretrial conference scheduled for July 28, 2017.

## BACKGROUND & PROCEDURAL HISTORY

This action arises from allegations that the defendant, while on duty as a police officer in Springfield, Tennessee, unreasonably used excessive force against the plaintiff, violating the plaintiff's constitutional rights and resulting in severe personal injury. On July 7, 2017, the plaintiff filed the pending motion, which effectively contains eight separate motions *in limine*. First, the plaintiff seeks to exclude the following seven categories of evidence on the grounds that this evidence is either irrelevant or that its relevance is outweighed by the potential prejudicial effect:

1) The plaintiff's immigration file, which the plaintiff indicates will include a) the fact that he gave authorities the false name Jose Zepeda upon entering the

1

United States so that , in the event that he was deported, he might be able to be returned to Mexico rather than El Salvador,[1] and b) information about two DUI charges the plaintiff received prior to the incident giving rise to this action and an outstanding DUI arrest warrant (capias) in effect at the time of the incident, all of which had impacted his eligibility to remain in the United States legally;

2) All other evidence of the plaintiff's prior DUI charges and outstanding arrest warrant;

3) Evidence regarding the arrest of the plaintiff's wife, Raquel Calderon, on the day after the incident giving rise to this action, when she was charged with obstruction of an arrest for representing to officers that the plaintiff's name was "Jose Luis Zepeda" immediately following the incident;

4) Evidence that neither the plaintiff nor his wife had a valid driver's license at the time of the incident;

5) Evidence that the plaintiff had purchased and consumed alcohol on the night of the incident, prior to being approached by the defendant;

6) Evidence that medical expenses for the plaintiff's care were either paid by an insurer or were otherwise written off (under the collateral source rule); and

---

[1] According to the record, the plaintiff's country of origin is El Salvador, though he entered the United States through Mexico. The plaintiff's Motion states that he used the surname alias "Zepeda" because it is a "common Mexican" name and indicates that he planned to inform authorities that his country of origin was Mexico, rather than El Salvador, in the event of deportation.

2

Case 3:11-cv-00221   Document 413   Filed 07/27/17   Page 2 of 8 PageID #: 4157

> 7) Evidence that the plaintiff was concerned about the potential expense of bail in the event that the plaintiff had been arrested by the defendant, as noted in the report issued by the Tennessee Bureau of Investigation (the "TBI Report").

Finally, the plaintiff seeks an order that evidence regarding his acquittal on all criminal charges arising from the altercation between himself and the defendant is admissible.

On July 17, 2017, the defendant filed a Response in opposition. (Docket No. 341.) The defendant concedes that he will not introduce evidence of the plaintiff's wife's arrest, though he argues that he should be permitted to introduce evidence that the plaintiff's wife informed officers that the plaintiff's name is "Jose Luis Zepeda" immediately following the incident. According to the defense, this evidence – along with the plaintiff's immigration file (showing he was no longer legally in the United States at the time of the incident), evidence of the plaintiff's history of DUI charges and outstanding DUI warrant, evidence that the plaintiff did not have a valid driver's license, evidence of the plaintiff's purchase and consumption of beer in a vehicle, and evidence from the TBI report that the plaintiff was concerned about the cost of bail if he were arrested – should all be admitted for the purpose of showing that the plaintiff had a motive to resist arrest. The defendant also concedes that he will not seek to introduce evidence of collateral sources, such as healthcare insurers, having paid any portion of the plaintiff's medical expenses, though the defendant has asked the court to limit evidence of the plaintiff's medical expenses to the amount that was accepted by the plaintiff's medical providers as payment in full. Finally, the defendant argues that evidence of the plaintiff's acquittal on all criminal charges related to the altercation between the plaintiff and the defendant should be excluded as irrelevant.

## **LEGAL STANDARD**

Under Federal Rules of Evidence 401 and 402, only relevant evidence is admissible.

Moreover, under Federal Rule of Evidence 403, even relevant evidence can be excluded if its probative value is "substantially outweighed by a danger of one of more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The admissibility of prior acts is specifically governed by Federal Rule of Evidence 404(b)(1), which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Federal Rule of Evidence 404(b)(2) further provides that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Even when seeking to admit evidence of prior bad acts for non-character purposes, it must be shown that the probative value outweighs the potential prejudicial effect. *See Huddleston v. United States*, 485 U.S. 681, 688 (1988); *United States v. Will*, 612 F. App'x 265, 267 (6th Cir. 2015) (citing *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012)).

## ANALYSIS

As an initial matter, the court will grant the plaintiff's motion to exclude evidence of his wife's arrest as well as evidence of collateral sources of payment for his medical expenses such as payment from insurance carriers. These matters have been conceded by the defendant, and the court agrees that evidence of the plaintiff's wife's arrest is irrelevant to this action and that evidence of any payments made by insurance carriers for the plaintiff's medical expenses is prohibited under the collateral source doctrine. With respect to the admission of medical expenses beyond the rate that has been accepted by the plaintiff's providers as payment in full, this issue has already been addressed by the court's Memorandum & Order in Response to

4

defendant's Motion *in Limine* No. 13 (Docket No. 403). Consistent with that Opinion, the court will deny the plaintiff's request to exclude evidence that his medical expenses were discounted.

Several of the remaining arguments in the instant Motion overlap with issues raised in several of the defendant's pending Motions *in Limine*. In particular, the plaintiff's request to exclude evidence related to the plaintiff's prior DUI charges and outstanding DUI warrant overlaps with the defendant's Motion *in Limine* #4, seeking to admit the same. The plaintiff's request to exclude his immigration file overlaps with the defendant's Motion *in Limine* #5, seeking to admit the same. Additionally, evidence regarding the plaintiff's DUI history and immigration file, as well as evidence that the plaintiff previously stated that he resisted arrest because he was concerned about bail, can be found in the TBI report, which the defendant seeks to admit through the defendant's Motion *in Limine* No. 3. The court will not resolve the admissibility of this evidence through written opinion but will reserve its decision on these matters for the pretrial conference.

The court notes, however, that the primary issue in considering the admissibility of this evidence is whether its probative value outweighs any potential prejudicial effect. The court finds that the defendant properly seeks to admit all of this evidence under Federal Rule of Evidence 404(b)(2) for a non-character purpose.[2] One of the key factual disputes in this case is

---

[2] The plaintiff argues that the admissibility of evidence about his prior DUI charges and his outstanding DUI warrant is governed by Federal Rule of Evidence 609(a), which provides for the admission of evidence of prior convictions involving a dishonest or false statement for the purpose of attacking the credibility of a witness. Rule 609(a) is an exception to the general rule against the introduction of character evidence. The plaintiff argues that any prior DUI convictions are inadmissible under Rule 609(a) because they do not involve dishonesty. The plaintiff's argument is wholly misplaced. The defendant is not seeking to introduce this evidence under Rule 609(a) to impeach the plaintiff's credibility. Nor is the defendant seeking to introduce the plaintiff's DUI history as character evidence at all. As discussed herein, the defendant seeks to introduce this evidence solely for the non-character use of explaining the

the extent to which the plaintiff failed to cooperate with the defendant and/or resisted arrest such as would justify the defendant's use of force. The credibility of the defendant's version of events, in which the plaintiff strongly resisted the defendant's commands, stands to be bolstered by evidence that the plaintiff had a motive to resist arrest in order to avoid arrest or deportation. This creates a relevant non-character use of evidence that the plaintiff was at risk of arrest and deportation. The court further finds that, given the critical nature of the jury's determination of how the two parties behaved during the incident in question, this evidence is not only probative but highly material.[3] Further, the jury can be given a limiting instruction not to consider this evidence for any other purpose.

The same is true with respect to the evidence the defendant seeks to admit regarding the plaintiff's wife's representation that the plaintiff's name is Jose Luis Zepeda, the plaintiff's lack of a valid driver's license, and the plaintiff's purchase and consumption of alcohol in a vehicle prior to the incident, which may have further caused the plaintiff to believe he was at risk of being arrested for another DUI.[4] Accordingly, the court will reserve its decisions on the

---

plaintiff's motive on the night in question. This matter is governed by Rule 404(b)(2), and Rule 609(a) is wholly inapplicable.

[3] The court is not persuaded by the plaintiff's argument that his immigration status and outstanding DUI warrant are irrelevant because the plaintiff was not aware of these matters and did not believe he had any reason to be at risk of arrest or deportation. First, as the defendant points out, these are factual questions that are heavily disputed, and there is significant evidence in the record, including the plaintiff's own admissions, that the plaintiff was aware that he was at risk of arrest and deportation. Further, to the extent that the plaintiff presents evidence at trial that he was not aware or concerned with this risk at the time of his altercation with the defendant, that evidence will go toward the weight or credibility of the defendant's version of events, but it will not render the defendant's evidence that the plaintiff had motive to resist arrest irrelevant or inadmissible.

[4] The plaintiff also seeks to exclude evidence that his wife did not have a valid driver's license at the time of the incident. It is not entirely clear from the defendant's response that the defendant has any intention of introducing this evidence at trial. The defendant argues only as to the relevance of the plaintiff's lack of a driver's license. For completeness, however, the court notes

6

admissibility of this evidence for the pretrial conference as well.  During the pretrial conference, the parties will have the opportunity to walk through the specific evidence that the defendant intends to proffer with respect to each of these categories.  The court will then make a final determination as to whether the probative value is outweighed by any potential prejudicial effect that cannot be cured by a limiting instruction and determine which items of evidence are admissible.  The court will also consider the prejudicial effect on the defendant of excluding this evidence, as referenced in the defendant's Response to the pending motion.  The defendant makes the strong argument that excluding evidence of the plaintiff's motive to resist arrest prejudices the defendant's theory of events by raising an inference that the plaintiff's resistance is improbable.

Finally, the plaintiff's request to admit evidence of his acquittal on all criminal charges overlaps with the defendant's Motion *in Limine* No. 21, seeking to admit the same.  The court agrees with the defendant that any evidence about the plaintiff's acquittal on all criminal charges – indeed, all evidence surrounding the criminal action against the plaintiff – is irrelevant to this action and would ideally be excluded.  However, references to the criminal action are woven throughout the TBI report that the defendant seeks to introduce into evidence.  If evidence is presented that the plaintiff was charged with a criminal offense related to his altercation with the defendant, it might become necessary to also introduce evidence that the plaintiff was, in fact, acquitted of these charges so as to avoid any prejudicial effect to the plaintiff (though the court is aware that the fact of the acquittal can also prejudice the defense).  The court will welcome input from the parties as to how best to resolve this issue during the pretrial conference.

---

that evidence that the plaintiff's wife did not have a valid driver's license is not relevant and will not be admitted.  Accordingly, the plaintiff's motion will be granted as to this matter.

7

In sum, the plaintiff's Motion *in Limine* #1 will be granted in part such that the following evidence will be excluded: evidence that the plaintiff's wife was arrested for obstruction of arrest, evidence that the plaintiff's wife did not have a valid driver's license, and evidence of collateral sources of payment for the plaintiff's medical expenses. The Motion will also be denied in part such that evidence of discounted rates of medical expenses that were accepted as payment in full by the plaintiff's medical providers will be admitted. The remaining issues will be reserved for resolution during the pretrial conference.

## CONCLUSION

For the foregoing reasons, the Motion *in Limine* as to Prejudicial Matters is hereby **GRANTED IN PART, DENIED IN PART**, **and RESERVED IN PART** for resolution at the pretrial conference. The evidence at issue will be handled by the court consistent with this Opinion.

It is so **ORDERED**.

Enter this 27th day of July 2017.

_____
ALETA A. TRAUGER
United States District Judge